THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Gary Joseph

---

**GARYVENS JOSEPH**

     Plaintiff,

**vs.**

**BOROUGH OF SEASIDE HEIGHTS**;
**THOMAS BOYD,** Chief of Police;
**DETECTIVE STEPHEN KORMAN,**
**SERGEANT JAMES HANS,**
**LIEUTENANT JON LOMBARDI,**
**JOHN DOES 6-10,** Personnel of the
Seaside Heights Police Department in
supervisory capacities;
**JOSEPH PROVAZNIK**, **MATTHEW**
**MEYLER** and **JOHN DOES 1-5,**
members of the Seaside
Heights Police Department,

     Defendants.

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
TRENTON


Civil Action No.:

**COMPLAINT**

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the

Fourth and Fourteenth Amendments of the Constitution of the United States of America.

Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).  This Court has

supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2.  Plaintiff Garyvens (hereafter referred to as "Gary")  Joseph, residing at 2034 Lamplighter Drive, Toms River, New Jersey 08753, County  of Ocean, is and was, at all times herein relevant, a resident of the State of New Jersey and a citizen of the United States.

3.  Defendants Joseph Provaznik, Matthew Meyler and John Does 1-5 were at  all times mentioned herein duly appointed and acting police officers of the Seaside Heights Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

4.  Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Jon Lombardi, and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

5.  Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Jon Lombardi, and/or John Does 6-10 were acting in supervisory capacities over Defendants Korman; Hans; Lombardi, and/or John Does 1-10 and responsible by law for the training, supervision and conduct of Defendants Korman; Hans; Lombardi, and/or  John Does 1-10.

6.  Defendant Borough of Seaside Heights is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7.  At all times relevant hereto, Defendant Borough of  Seaside Heights employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Boyd; Korman; Hans, and/or John Does 1-10.

8.  Suit is brought against all Defendants in their official and/or individual capacities.

## FACTUAL ALLEGATIONS

1.  On 9/19/10, Plaintiff Gary Joseph brought his son to the Seaside Heights Boardwalk to go on amusement rides.

2.  Plaintiff and his son had ice cream and waited for Plaintiff's fiancé.

3.  A woman confronted Plaintiff and accused him of looking at her friend.

4.  Plaintiff told the woman that he was not looking at her friend.

5.  Plaintiff walked away from the women and put his son on an amusement ride.

6.  Defendants Provaznik, Meyler and/or John Does 1-5 approached Plaintiff and asked him to leave the amusement park.

7.  Plaintiff told Defendants that he could not leave the park while his son was on a ride.

8.  Defendants  Provaznik, Meyler and/or John Does 1-5 proceeded to assault Plaintiff with excessive force and arrest him without justification.

9.  Specifically, Defendants maced Plaintiff and also called him a "f***ing n***er."

10.  Defendants brought Plaintiff to Seaside Heights Police Headquarters and charged him with violations of N.J.S. 2C:33-2A(1), Disorderly Conduct, and N.J.S. 2C:29-2, Resisting Arrest.

11.  The criminal proceedings initiated by Defendants are pending.

## SECTION 1983 EXCESSIVE FORCE
## COUNT ONE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiffs by Defendants Provaznik, Meyler and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his rights to be

secure in his person against unreasonable seizure of his person, in violation of the Fourth and

Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.  As a direct and proximate cause of the malicious and outrageous conduct of

Defendants as set forth above, Plaintiff suffered bodily injuries, damages in the form of lost

wages and medical expenses and will suffer additional special damages in the future in an

amount which cannot yet be determined.

4.  By reason of the above, Plaintiff  was injured, suffered great mental anguish, and

was deprived of his constitutional rights as described above.

**WHEREFORE,** Plaintiff Gary Joseph demands judgment against Defendants Joseph

Provaznik; Matthew Meyler and John Does 1-5, on this Count together with compensatory and

punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further

relief as the court deems proper and  just.

## SECTION 1983 FAILURE TO INTERVENE
## COUNT TWO

_____1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik, Meyler and/or John Does 1-5 were Seaside Heights Police

Officers and at all times mentioned herein were acting under color of state law.

3.  Defendants Provaznik, Meyler and/or John Does 1-5 had a duty to intervene in the

unjustified assault and arrest of Plaintiff by Defendants Provaznik, Meyler and/or John Does 1-5.

4.  The unjustified assault and arrest of Plaintiff  by Defendants Provaznik, Meyler and/or

John Does 1-5 deprived Plaintiff of his right to be secure in his person against unreasonable

seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United

States and made actionable through 42 U.S.C. Section 1983.

5.  Defendants Provaznik, Meyler and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Provaznik, Meyler and/or John Does 1-5 and failed to intervene.

6.  As a direct and proximate cause of Defendants' Provaznik, Meyler and/or John Does 1-5 failure to intervene, Plaintiff suffered physical injury, medical expenses, and mental anguish in connection with the deprivation of his Constitutional Rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through by 42 USC Section 1983.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik, Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 FALSE ARREST / IMPRISONMENT
## COUNT THREE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Provaznik, Meyler and/or John Does 1-5 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3.  The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983.

4.  The criminal proceedings initiated by Defendants are pending.

5.  By reason of the above, Plaintiff was greatly injured, suffered great mental anguish preventing him from attending to his business and was deprived of his constitutional rights as described above.

6.  As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries, damages in the form of lost wages and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik, Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 MALICIOUS ABUSE OF PROCESS
### COUNT FOUR

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik, Meyler and/or John Does 1-5 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

3.  Defendants Provaznik, Meyler and/or John Does 1-5 made false statements of fact; intentionally, recklessly, and/or negligently misrepresented the facts of their encounter with Plaintiff and his subsequent arrest and detention; falsified police and/or other official records, and mishandled and/or withheld evidence to initiate and/or instigate a criminal prosecution of Plaintiff.

4.  Defendants Provaznik, Meyler and/or John Does 1-5 knew that the complaints

initiated were groundless and made misrepresentations to gain an advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

5.  The criminal proceedings initiated by Defendants are pending.

6.  As a direct and proximate result of the acts of Defendants Provaznik, Meyler and/or John Does 1-5  as set forth herein, Plaintiff suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Gary Joseph  demands judgment against Defendants Joseph Provaznik, Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 MALICIOUS PROSECUTION
## COUNT FIVE

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik, Meyler and/or John Does 1-5 initiated criminal process  against Plaintiff with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiff to suffer.

3.  The charges were not based upon probable cause, that is, Defendants Provaznik, Meyler and/or John Does 1-5 knew initiation of criminal proceedings against Plaintiff would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 9/19/10 in assaulting, beating and falsely arresting Plaintiff.

4.  The criminal proceedings initiated by Defendants are pending.

5.  As a direct and proximate cause of the actions initiated by Defendants Provaznik, Meyler and/or John Does 1-5, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

6.  Plaintiff suffered physical injury, medical expenses, lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik, Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 SUPERVISORY LIABILITY
## COUNT SIX

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Jon Lombardi, John Doe 2 and/or John Does 6-10 were  supervisory officials and/or officers in charge at the time Plaintiff  was arrested and assaulted.

3.  Defendants Jon Lombardi, John Doe 2 and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Provaznik, Meyler and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4.  Defendants Jon Lombardi, John Doe 2 and/or John Does 6-10 either directed Defendants Provaznik, Meyler and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

5.  As a direct and proximate result of the acts of Defendants Jon Lombardi, John Doe 2 and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses,

lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff Gary Joseph demands judgment against Defendants Jon Lombardi,  John Does 2 and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
## COUNT SEVEN

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Borough of Seaside Heights Police Department; Thomas Boyd; Stephen Korman; James Hans; Jon Lombardi, and/or John Does 6-10 are vested by state law with the authority to make policy on the use of force, Internal Affairs investigations, effectuating arrests and police citizen encounters.  Specifically, Defendant Thomas Boyd is the Chief of Police. Defendant Stephen Korman is the Seaside Heights police department Internal Affairs investigator. Defendant James Hans is the Seaside Heights police department Use of Force instructor.  Defendant Jon Lombardi was a supervisor and/or the officer in charge at the time of Plaintiff's arrest.

3.  At all times mentioned herein, Defendants Boyd; Korman; Hans; Lombardi; Provaznik; Meyler and/or  and/or John Does 1- 10, as police officers, agents, servants and/or employees of Defendant Borough of  Seaside Heights, were acting under the direction and control of Defendants Borough of Seaside Heights Police Department, Boyd; Korman; Hans; Lombardi, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Borough of Seaside Heights Police Department.

4.  Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights, Boyd; Korman; Hans; Lombardi, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Boyd; Korman; Hans; Provaznik, Meyler; Lombardi, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5.  Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights, Boyd; Korman, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Borough of Seaside Heights, Thomas Boyd; Stephen Korman and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6. Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Jon Lombardi, and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints filed against, Defendants Provaznik; Meyler; Lombardi, and/or John Does 1-10 and/or other Seaside Heights Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or

negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

7. Despite their awareness, Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Lombardi, and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Boyd; Korman; Hans; Provaznik; Meyler; Lombardi; John Does 1-10, and/or other Seaside Heights Police Officers.

8. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Lombardi, and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Boyd; Korman; Hans; Provaznik; Meyler; Lombardi, and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

9. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Lombardi, and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

10. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Lombardi, and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Boyd; Korman; Hans; Provaznik; Meyler; Lombardi, and/or John Does 1-10 heretofore described.

11. As a direct and proximate result of the acts of Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Lombardi, and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the

deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Gary Joseph demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Jon Lombardi, and/or John Does 6-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF
## COUNT EIGHT

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Pursuant to 42 USC Section 1983, given that there exists no adequate remedy at law, Plaintiff is entitled to prospective injunctive relief against the Defendants.

3.  The relief sought by Plaintiff include, but is not limited to, the following:

a.  An order permanently restraining and enjoining Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Joseph Provaznik; Matthew Meyler; Jon Lombardi, and John Does 1-10 from engaging in, encouraging, teaching, promoting or training Seaside Heights Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

b.  An order compelling Defendant Borough of Seaside Heights to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

c.  An order compelling Defendant Borough of Seaside Heights to provide regular and consistent training sessions to Seaside Heights Police Officers.

d.  An order compelling Defendant Borough of Seaside Heights to implement a system whereby prompt, appropriate action is taken against any Seaside Heights Police Officer who engages in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

e.  An order permanently restraining and enjoining Defendants Provaznik, Meyler and/or John Does 1-5 from arresting citizens without adequate probable cause, physically abusing and using excessive force against citizens and/or arrestees.

f.  An order permanently restraining and enjoining Defendant Borough of Seaside Heights from employing Defendants Provaznik, Meyler and/or John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty,  solely and entirely confining them to  Police headquarters and limiting them entirely to desk duty; enjoining Defendants Provaznik, Meyler and/or John Does 1-10 from any patrol duty, and enjoining Defendants  and John Does 1-10 from making arrests, assisting in making arrests and using any force in making arrests and/or assisting in making arrests.

g.  Any other relief as the Court deems proper and just.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans, Joseph Provaznik; Matthew Meyler; Jon Lombardi, and/or John Does 1- 10 on this Count, together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## SUPPLEMENTAL STATE CLAIMS

## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)
## COUNT NINE

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The excessive force used; malicious prosecution; failure to intervene; false arrest/imprisonment, and abuse of process by Defendants Provaznik; Meyler and/or John Does 1-5, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act")

3.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4.  As a direct and proximate result of the aforesaid acts of Defendants Provaznik; Meyler and/or John Does 1-5, Plaintiff suffered physical injury, lost wages, medical expenses, and mental anguish.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and John Does 1- 5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## ASSAULT AND BATTERY
## COUNT TEN

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik, Meyler and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

3.  The assault and battery committed by Defendants  was contrary to the laws of  the State of New Jersey.

4.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

5.  As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries, medical expenses, and pain and suffering, and will continue to  incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## FALSE ARREST / IMPRISONMENT
## COUNT ELEVEN

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Provaznik, Meyler and/or John Does 1-5 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States and the State of New Jersey.

3.  The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983, and the Constitution of the State of New Jersey.

4.  The criminal proceedings initiated by Defendants are pending.

5.  The assault and battery committed by Defendants  was contrary to the laws of the State of New Jersey.

6.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

7.  By reason of the above, Plaintiff was greatly injured, suffered great mental anguish preventing him from attending to his business and was deprived of his constitutional rights as described above.

8.  As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries, damages in the form of lost wages and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief

as the court deems proper and just.

## MALICIOUS PROSECUTION
## COUNT TWELVE

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik, Meyler and/or John Does 1-5 initiated criminal process against Plaintiff with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiff to suffer.

3.  The charges were not based upon probable cause, that is, Defendants Provaznik, Meyler and/or John Does 1-5 knew initiation of criminal proceedings against Plaintiff would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 9/19/10 in assaulting, beating and falsely arresting Plaintiff.

4.  The criminal proceedings initiated by Defendants are pending.

5.  The assault and battery committed by Defendants  was contrary to the laws of  the State of New Jersey.

6.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

7.  As a direct and proximate cause of the actions initiated by Defendants  Provaznik, Meyler and/or John Does 1-5, Plaintiff suffered a  deprivation of liberty consistent  with the concept of seizure as a consequence of the legal proceeding.

8.  Plaintiff suffered physical injury, medical expenses, lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983, and the Constitution of the State of New Jersey.

      **WHEREFORE,** Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## ABUSE OF PROCESS
## COUNT THIRTEEN

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  As set forth above, Defendants Provaznik, Meyler and/or John Does 1-5 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, and/or which was not the legitimate purpose of the particular process employed.

3.  Specifically, Defendants Provaznik, Meyler and/or John Does 1-5, with knowledge that the criminal proceedings initiated against Plaintiff were groundless, thereafter made misrepresentations of facts relating to their encounter with Plaintiff and his subsequent arrest and detention; falsified police and/or other official records, and mishandled and/or withheld evidence during the investigation and prosecution of the Plaintiff in order to gain an advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

4.  Defendants' actions and/or omissions were in violation of the laws of the State of New Jersey.

5.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

6.  As a result of Defendants' acts set forth above, Plaintiff sustained various physical and emotional injuries, medical expenses, expenditures to defend maliciously initiated criminal

proceedings, and pain and suffering, and will incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT FOURTEEN

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The actions of Defendants Provaznik, Meyler and/or John Does 1-5 in their use of excessive force upon Plaintiff; their assault and battery of Plaintiff; their malicious prosecution; their failure to intervene, and their abuse of process was intentional, extreme and outrageous.

3.  As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

4.  The acts of the Defendants were in violation of the law of the State of New Jersey.

5.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler and John Does 1- 5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### NEGLIGENCE
### COUNT FIFTEEN

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Provaznik; Meyler;  Lombardi, and/or John Does 1-5 had a duty to the Plaintiff to not expose him to an unreasonable risk of injury.

3.  Through the acts and omissions set forth at length above, Defendants Provaznik; Meyler; Lombardi, and/or  John Does 1-5 breached that duty.

4.  The acts of the Defendants were in violation of the common law of the State of New Jersey.

5.  Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

6.  As a direct and proximate result of their breach of duty to plaintiff, he was caused to suffer significant and permanent physical and emotional injury, medical expenses, and pain and suffering and will continue to incur same in the future for some time to come

**WHEREFORE**, Plaintiff Gary Joseph demands judgment against Defendants Joseph Provaznik; Matthew Meyler; Jon Lombardi, and John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury as to all issues.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: March 22, 2011                  /s/ Thomas J. Mallon, Esquire
                                       **THOMAS J. MALLON, ESQUIRE**