**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARYVENS JOSEPH, | CIVIL ACTION NO. 11-1599 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| BOROUGH OF SEASIDE HEIGHTS, et al., | |
| Defendants. | |

**THE PLAINTIFF** bringing this action, <u>inter alia</u>, to recover damages under 42 U.S.C. § ("Section") 1983 related to his arrest by defendants who are police officers ("Federal Claims") (dkt. entry no. 1, Compl.); and the plaintiff alleging that the criminal charges brought against him due to the circumstances underlying the arrest are pending (<u>id.</u> at 3-7, 15-16); and

**IT APPEARING** — pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "<u>if successful</u>, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim is barred until the conviction is overturned, <u>Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety</u>, 411 F.3d 427, 451-52 (3d Cir. 2005) (citations and quotations omitted); and

**THE COURT** thus being concerned that if the plaintiff were successful on the Federal Claims, then an eventual underlying

state criminal conviction could be rendered invalid; and it appearing that when a plaintiff brings a Section 1983 claim

> before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007); and

**THE COURT** thus intending to stay and administratively terminate this action pending the disposition of the related criminal matter, including any aspect thereof that is the subject of either an appeal or a review by any municipal or state court at any level; and

**THE PLAINTIFF BEING ADVISED** that an order administratively terminating a federal action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:  April 28, 2011